Jen-Feng Lee, SBN 204328
jflee@ltpacificlaw.com
Kenneth K. Tanji, Jr., SBN 162273
ktanji@ltpacificlaw.com
**LT Pacific Law Group, LLP**
17800 Castleton Street, #560
City of Industry, CA 91748
T: 626-810-7200
F: 626-810-7300

Attorneys for Plaintiff
HELP HALF PLUS, INC., dba SHIPSAVING

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELP HALF PLUS, INC., a California corporation, doing business as SHIPSAVING,<br><br>    Plaintiff,<br><br>    vs.<br><br>SHIPBUY, INC., a California corporation; ZHAOLU WU, an individual, and DOES 1 – 10 inclusive,<br><br>    Defendants. | Case No.:<br><br>**Complaint for:**<br><br>1. **Copyright Infringement**<br><br>2. **Misappropriation of Trade Secrets**<br><br>3. **False Designation of Original under Lanham Act**<br><br>4. **Intentional Interference with Prospective Economic Advantage**<br><br>5. **Unfair Competition under CA Bus. & Prof. Code §17200** |

Come now HELP HALF PLUS, INC. dba SHIPSAVING ("SHIPSAVING" or Plaintiff) and states its COMPLAINT as follows:

_____

**Complaint**

1

63651

## Parties

1.  Plaintiff is a California corporation having principal place of business in City of Industry, California.

2.  On information and belief, Defendant SHIPBUY, INC. ("SHIPBUY") is a California corporation with a principal business location at 17870 Castleton Street, #255, City of Industry, CA 91748.

3.  On information and belief, Defendant ZHAOLU WU ("WU") is the principal, major owner and/or primary person in charge of SHIPBUY, having residence in the city of Walnut, which is in this judicial district in Los Angeles area. ZHAOLU WU is also known as Louis Wu.

4.  Collectively, SHIPBUY and WU are referred to as Defendants.

5.  The true names and capacities of other unidentified defendants, currently sued as DOE defendants, are presently unknown to Plaintiff. Plaintiff will later seek leave of this Court to amend this Complaint accordingly, after reasonable discovery is conducted.

## Jurisdiction and Venue

6.  The action arises under Federal Copyright Act, 17 U.S.C. §101 et. seq., as amended. The Court has subject matter jurisdiction under 28 U.S.C. §§1331, 1338.

7.  The action further arises under Federal Lanham Act, 15 U.S.C. §1051 et seq., as amended, re false designation of origin, and common laws of State of California.

8.  The Court has supplemental jurisdiction over the state claims.

9.  Venue for this action is proper under 28 U.S.C. 1391(b) and (c), because a substantial part of the events giving rise to the claims for relief occurred in this district; the Defendants are subject to personal jurisdiction in this judicial District at the relevant time.

**Complaint**

2

63651

**General Allegations**

10. Since its inception in 2018, Plaintiff primarily engaged in the development and provision of order management system (OMS) and warehouse management system (WMS) software and related services, including but not limited to integrations with carriers and e-commerce stores, order management, warehouse operations management, and shipping label generation.

11. Plaintiff's business operations include, among others, the design, development, and provision of order management system (OMS) and warehouse management system (WMS) software and related services. Such operations include system architecture design, software development, and integrations with carriers and e-commerce platforms to enable order management, warehouse operations, and shipping label generation.

12. Furthermore, Plaintiff provides a robust Open API to support third-party enterprise integrations. Plaintiff developed certain software and programming codes using technologies and platforms that are widely accepted in the relevant industries, including but not limited to Java, JavaScript, PHP, and HTTP-based APIs.

13. Plaintiff's program codes are designed and developed by its employed engineers, software designers and/or coders.

14. For the services Plaintiff offered to its clients, Plaintiff designed/developed programming codes to fit various functional purposes and implemented in different modules that are run on computer systems, including over the Internet and via online platforms that may be called "clouds" in today's language.

15. Given the unique expressions embodied in the different codes, these programming codes are subject to copyright protection.

**Complaint**

3

63651

16. Plaintiff sought to register, and in fact did obtain the registrations for two (2) of its programing codes, titled as Shipping Rate & Label Creation and Carriers Integration.

17. Shipping Rate & Label Creation has effective registration date of March 13, 2026, registration number TX-9-575-184 ("184 Registration").

18. Carriers Integration has effective registration date of March 13, 2026, registration number TX-9-575-123 ("123 Registration").

19. True and correct copies of 184 Registration certificate and 123 Registration certificate are attached herein as Exhibit A.

20. Plaintiff sought to register two other sets of programing codes and the applications are pending. These two codes are titled: Channels Integration and Order Processing. Plaintiff will produce the completed registration certificates when available.

21. Plaintiff's business operation has been successful, in part due to its well-designed programming codes that appealed to the relevant business community and attracted a solid clientele base.

22. Plaintiff's clients are well-served by the systems that run the programming codes, including the four (4) sets of codes alleged herein. Plaintiff's clients are familiar with the operational features and interfaces offered by the programming codes, including the four (4) sets of codes alleged herein.

23. Plaintiff and its clients both derived business advantages from the programming codes, including the four (4) sets of codes mentioned herein.

24. The content of Plaintiff's programing codes, identities of Plaintiff's clients, and various work flow processes that were implemented into use interfaces are protected as trade secrets.

25. Only Plaintiff's employees would have knowledge, on a need-to-know basis, of the identities of the customers and potential customers who would benefit from being served by Plaintiff's operations.

**Complaint**

4

26. While Plaintiff's clients are served by programming codes used/developed by Plaintiff, they would not have knowledge as to the content and embodiment of the codes, including the four (4) sets of codes mentioned herein.

27. Defendant WU was employed by Plaintiff in or around May, 2022, serving as the CTO (Chief Technology Officer).

28. As a consequence of his employment, Defendant WU had access to Plaintiff overall programming codes, including the four (4) sets mentioned herein.

29. Defendant Wu further had access to Plaintiff various trade secret information, including, but not limited to, client information, webpage design, interface style and work flow processes, service account information, such as DHL account, etc.

30. In or around July 30, 2022, Defendant Wu terminated his employment with Plaintiff.

31. On information and belief, Defendant WU set up his own SHIPBUY business, located at 17870 Castleton Street, #255, Industry, California 91748; WU is either the 100% owner of SHIPBUY, or the primary driving force behind SHIPBUY's setup and operation that directly competed against Plaintiff.

32. On information and belief, SHIPBUY and WU, copied Plaintiff's programing codes, including the four (4) sets mentioned herein, and used them in SHIPBUY's business operation, in competition with Plaintiff.

33. On information and belief, SHIPBUY and WU may have made adaptations to the programming codes copied from Plaintiff, despite the codes running in SHIPBUY's system may later appear to be different.

34. On information and belief, SHIPBUY and WU may have adapted some of Plaintiff webpage appearance and interface style to mimic Plaintiff's operation, creating a false origin to attract business and customers.

35. On information and belief, SHIPBUY and WU may have used certain specific information, such as Plaintiff's DHL account, to create false original in order to attract business and customers.

---

**Complaint**

5

36. On information and belief, SHIPBUY and WU may have improperly contacted Plaintiff's clients and even poached away some of Plaintiff's clients, using the client information, web interface, work flow and other trade secret information derived while WU was working for Plaintiff.

37. On information and belief, and pending further discovery, SHIPBUY and WU may have misappropriated Plaintiff's trade secret information and illegally used such information to benefit themselves, causing injuries to Plaintiff.

## Count One: Copyright Infringement

38. Plaintiff incorporated all prior allegations, as if fully set forth herein.

39. Plaintiff's codes, at least the four (4) sets of codes mentioned herein, are protected under Copyright Laws.

40. On information and belief, SHIPBUY and WU either duplicated or made adaptations off of the four (4) sets of code without authorization from Plaintiff, resulting in at least substantial similar codes that benefit SHIPBUY's business operations.

41. SHIPBUY and WU are therefore liable for copyright infringement at least for the four (4) sets of codes mentioned herein.

42. Plaintiff is entitled to damages, statutory or actual damages, in an amount to be proven at trial.

43. Plaintiff is also entitled to injunctive relief, prohibiting Defendants from any further act of infringement.

## Count Two: False Designation of Origin, Lanham Act §1125

44. Plaintiff incorporated all prior allegations, as if fully set forth herein.

45. Defendants are Plaintiff's competitors, engaging in similar business operations of order management system (OMS) and warehouse management system (WMS)

**Complaint**

6

63651

software and related services, including development of underlying programming codes for such services.

46. By resorting to false facts and confusingly similar web presentations, Defendants likely caused confusion or mistake as to the affiliation, connection or association with Plaintiff, resulting in illicit market advantage for Defendants.

47. Plaintiff is injured due to such acts of false designation and suffered damages in an amount to be proven at trial.

48. Plaintiff is also entitled to injunctive relief prohibiting Defendants from engaging in further false and misleading business activities.

**Count Three: Misappropriation of Trade Secrets (against WU)**

49. Plaintiff incorporated all prior allegations, as if fully set forth herein.

50. Plaintiff owns and takes reasonable measures to protect its trade secrets; such trade secrets provide a business advantage to its operation. Only internal employees would have access to such trade secrets; those having access to trade secrets are under legal obligations to prevent the improper dissemination of such trade secrets including, but not limited to, programming codes, client names and information, work flow processes and adaption for web interface, service accounts, etc.

51. Defendant WU, being an employee and CTO at relevant times, knew the existence and content of such trade secrets.

52. On information and belief, Defendant WU, improperly took and misappropriated Plaintiff's trade secrets for his own use and for the use of SHIPBUY operation.

53. Plaintiff suffered damages in an amount to be proven at trial.

54. Plaintiff is further entitled to injunctive relief, prohibiting WU from improperly using/misappropriating any of Plaintiff's trade secrets.

**Count Four: Intentional Interference with Prospective Economic Advantage**

Complaint

7

55. Plaintiff incorporated all prior allegations, as if fully set forth herein.

56. Defendants SHIPBUY and WU knew that Plaintiff and various third parties (Plaintiff's customers) have existing business relationships, and those relationships have prospective economic advantages and values.

57. Defendants committed the wrongful acts as alleged herein, and as will further be found and identified in discovery, intentionally caused the disruption and/or breach of such prospective economic advantage by making inappropriate contact/access and/or solicitations, and by resorting to the use of false and misleading information or façade as alleged.

58. Plaintiff suffered resulting economic harms as a result of such interferences as mentioned herein.

59. Plaintiff will prove an amount of damages at trial.

60. Plaintiff is further entitled to injunctive relief.

### Count Five: Unfair Competition

61. Plaintiff incorporated all prior allegations as if fully set forth herein.

62. Defendants' business practices, including due to the prior employment by Plaintiff, are unlawful, unfair and fraudulent as alleged.

63. Plaintiff is entitled to restoration of money or property acquired by Defendants.

64. Plaintiff is entitled to injunctive relief prohibiting Defendants from the illicit acts described herein.

### <u>Prayer for Relief</u>

WHEREFOR, Plaintiff respectfully requests that the Court find for Plaintiff's favor and against Defendants, for the following relief:

 a. Judgment that Defendants are liable for infringement of Plaintiff's Copyrights, false designation of origin, misappropriation of trade secrets

---

**Complaint**

8

(against WU), intentional interference of prospective economic advantage, and unfair competition.

b.  Awarding damages, potentially including any statutory damages and compensatory damages to Plaintiff.

c.  Awarding further punitive damages, if applicable, to Plaintiff.

d.  An injunctive order prohibiting Defendants from engaging or performing any of the wrongful activities as alleged herein.

e.  Finding this case to be exceptional, under Copyright Act and Lanham Act, and awarding reasonable attorney fees to Plaintiff accordingly.

f.  Awarding cost of suit to Plaintiff.

g.  Such other and further relief as the Court may deem just and proper.

Dated:   April 2, 2026                                   Respectfully Submitted,

/s/ Jen-Feng Lee

Jen-Feng (Jeff) Lee

Attorney for Plaintiff
HELP HALF PLUS, INC.
dba SHIPSAVING

**Complaint**

63651

## <u>Demand For Trial by Jury</u>

Plaintiff, pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands a trial by jury.

Dated:   April 2, 2026

Respectfully Submitted,

/s/ Jen-Feng Lee

Jen-Feng (Jeff) Lee

Attorney for Plaintiff
HELP HALF PLUS, INC.
dba SHIPSAVING

**Complaint**

63651